[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14029
Non-Argument Calendar

_____

D. C. Docket No. 98-00078-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN WILSON,
a.k.a. Smiley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 27, 2009)

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

Melvin Wilson, proceeding *pro se*, appeals the sentence imposed by the

district court following its *sua sponte* grant of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 706, 711, and 715 to the Sentencing Guidelines. The district court found that the amendments applied to Wilson and reduced his original 272-month mid-guideline range total sentence to a mid-amended guideline range total sentence of 230 months. Notably, the district judge presiding over the instant proceedings was the same judge who originally sentenced Wilson and who had considered Wilson's prior § 3582(c)(2) motion in earlier 2008 proceedings regarding the crack cocaine amendments.

On appeal, Wilson argues that the district court erred in determining the extent of his sentence reduction because, pursuant to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), it should have treated the guidelines as advisory and reconsidered the amount of cocaine attributed to him. Furthermore, he argues that the district court erred in failing to demonstrate that it considered the relevant 18 U.S.C. § 3553(a) factors or specifically account for his rehabilitative conduct and other relevant circumstances.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We review for an abuse of discretion a district

2

court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *Id.* A district court may modify a term of imprisonment "in the case of a defendant who [was] sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Notably, a § 3582(c)(2) motion to reduce sentence does not provide the basis for *de novo* resentencing. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Next, the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. *Id.* at 781.

If the defendant is eligible for a sentence reduction under the first part of the analysis, the district court must consider the § 3553(a) factors under the second part of the analysis, regardless of whether it ultimately denies or grants § 3582(c)(2) relief. *United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir.

2009).  Still, the district court need not specifically articulate the applicability of each factor, "as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." *United States v. Vautier*, 144 F.3d 756, 762 (11th Cir. 1998) (quotation omitted).

First, we conclude from the record that Wilson's *Booker* argument and his assertion that the district court should have reconsidered the amount of cocaine attributed to him are foreclosed by precedent.  *See* U.S.S.G. § 1B1.10(b)(2)(A) (2008) (stating that, generally, the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range");  *United States v. Melvin*, 556 F.3d 1190, 1192 (11th Cir. 2009) (holding that *Booker* and its progeny "do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), *petition for cert. filed*, (U.S. Feb. 10, 2009) (No. 08-8664); *United States v. Cothran*, 106 F.3d 1560, 1563 (11th Cir. 1997) (holding that a district court may not revisit a prior drug amount determination in § 3582(c)(2) proceedings).

Second, based on the district court's reference to Wilson's prior § 3582(c)(2) motion for a reduced sentence, which laid out and discussed the § 3553(a) factors,

4

the record demonstrates that the court properly took into account the pertinent § 3553(a) factors. *See United States v. Eggersdorf*, 126 F.3d 1318, 1322–23 (11th Cir. 1997) (holding that the record demonstrated that the district court took into account the pertinent § 3553(a) factors when: (1) the court stated that it had reviewed the government's brief, where the government had set out the pertinent factors and enumerated facts relevant to the factors; and (2) the same judge presided over both the original sentencing hearing and the § 3582(c)(2) proceedings). Accordingly, Wilson's arguments are without merit, and we affirm his sentence.

**AFFIRMED.**